FILED
2020 JUL 31 PM 3:18
CIVIL
DISTRICT COURT

ORLEANS PARISH CIVIL DISTRICT COURT

STATE OF LOUISIANA

DOCKET NO. 2020-06420                                    DIVISION I-14

JAMIE BRAY

VERSUS

SENSIO COMPANY (US) INC.,
FAMILY DOLLAR STORES OF NORTH CAROLINA, INC.,
FAMILY DOLLAR STORES, INC.,
DOLLAR TREE STORES, INC.,
ZHONGSHAN MEIMAN LIFE ELECTRICAL CO. LTD,
SENSIO INC,
BELLA HOUSEWARES, INC., and
BELLA INC.

DATE FILED: _____          DEPUTY CLERK: _____

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Jamie Bray ("Bray"), who represents as follows:

1.

Bray is a natural person of the age of majority, domiciled in Orleans Parish.

2.

Made Defendants herein are:

a)  Sensio Company (US) Inc. ("Sensio US"), a Delaware corporation;

b)  Family Dollar Stores of North Carolina, Inc. ("Family Dollar NC"), a Virginia corporation;

c)  Family Dollar Stores, Inc. ("Family Dollar"), a Delaware corporation;

d)  Dollar Tree Stores, Inc. ("Dollar Tree"), a Virginia corporation;

e)  Zhongshan Meiman Life Electrical Co., Ltd ("Meiman"), on information and belief a foreign corporation incorporated under the laws of China;

f)  Sensio Inc. ("Sensio"), a Delaware corporation;

g)  Bella Housewares, Inc. ("Housewares"), on information and belief a foreign corporation incorporated under the laws of Canada; and

h)  Bella Inc. ("Bella"), on information and belief a foreign corporation incorporated under the laws of Canada.

1

3.

This is a Court of proper venue because this is an action to recover damages for an offense that occurred in this Parish and damages were sustained in this Parish. La. C.C.P. art. 74.

## Factual Background

4.

In 2018, Bray purchased a Bella 6 Quart 10 on 1 Multi Cooker electric pressure cooker (the "Pressure Cooker").

5.

Upon information and belief, Sensio US was a manufacturer of the Pressure Cooker as defined by the Louisiana Products Liability Act.

6.

Upon information and belief, Sensio was a manufacturer of the Pressure Cooker as defined by the Louisiana Products Liability Act.

7.

Upon information and belief, Meiman was a manufacturer of the Pressure Cooker as defined by the Louisiana Products Liability Act.

8.

Upon information and belief, Housewares was a manufacturer of the Pressure Cooker as defined by the Louisiana Products Liability Act.

9.

Upon information and belief, Bella was a manufacturer of the Pressure Cooker as defined by the Louisiana Products Liability Act.

10.

Upon information and belief, at all relevant times, Family Dollar NC, Family Dollar, and/or Dollar Tree were distributors, vendors, sellers of, and/or marketing entities for the Pressure Cooker.

11.

The Pressure Cooker is an electric kitchen appliance designed to be used for efficient preparation of food. The product is designed to prepare meals by cooking liquids inside a pot that

produces steam, which is trapped inside of the Pressure Cooker to create pressure. The resulting temperatures produced are expected to cook meals more efficiently, while allegedly maintaining more nutrients than conventional cooking methods.

12.

On August 9, 2019, Bray was using the Pressure Cooker in accordance with the instructions enclosed with the Pressure Cooker's packaging.

13.

While Bray was using the Pressure Cooker to prepare a meal in accordance with its intended use, it suddenly and without warning exploded (the "Incident"), causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto Bray.

14.

The Pressure Cooker had not been misused or modified between the date of sale and August 9, 2019.

## Damages

15.

As a result of the Incident, Bray suffered severe, painful, and debilitating burns.

16.

Bray is currently receiving medical treatment and will continue to receive treatment in the future. Bray is still suffering pain from injuries suffered as a result of the Incident and has not reached maximum medical improvement.

17.

Bray suffered the following damages as a result of the Incident:

a. Past, present, and future personal injuries;

b. Past, present, and future medical costs;

c. Past, present, and future pain and suffering;

d. Past, present, and future loss of enjoyment of life and mental anguish;

e. Lost wages and future lost earning capacity; and

f. Travel expenses associated with obtaining medical treatment.

18.

Bray's damages exceed $50,000.00.

## Liability

19.

The Incident was caused, in whole or part, by Sensio US' violations of the Louisiana Products Liability Act, in the following respects:

a. Producing a product which was unreasonably dangerous in its construction or composition, in violation of La. R.S. 9:2800.55;

b. Producing a product which was unreasonably dangerous in its design, in violation of La. R.S. 9:2800.56;

c. Producing a product which was unreasonably dangerous because an adequate warning was not provided, in violation of La. R.S. 9:2800.57; and/or

d. Producing a product which was unreasonably dangerous because it did not conform to an express warranty, in violation of La. R.S. 9:2800.58.

20.

The Incident was caused, in whole or part, by Sensio's violations of the Louisiana Products Liability Act, in the following respects:

a. Producing a product which was unreasonably dangerous in its construction or composition, in violation of La. R.S. 9:2800.55;

b. Producing a product which was unreasonably dangerous in its design, in violation of La. R.S. 9:2800.56;

c. Producing a product which was unreasonably dangerous because an adequate warning was not provided, in violation of La. R.S. 9:2800.57; and/or

d. Producing a product which was unreasonably dangerous because it did not conform to an express warranty, in violation of La. R.S. 9:2800.58.

21.

The Incident was caused, in whole or part, by Meiman's violations of the Louisiana Products Liability Act, in the following respects:

a. Producing a product which was unreasonably dangerous in its construction or composition, in violation of La. R.S. 9:2800.55;

b. Producing a product which was unreasonably dangerous in its design, in violation of La. R.S. 9:2800.56;

c. Producing a product which was unreasonably dangerous because an adequate warning was not provided, in violation of La. R.S. 9:2800.57; and/or

d. Producing a product which was unreasonably dangerous because it did not conform to an express warranty, in violation of La. R.S. 9:2800.58.

22.

The Incident was caused, in whole or part, by Housewares' violations of the Louisiana Products Liability Act, in the following respects:

a. Producing a product which was unreasonably dangerous in its construction or composition, in violation of La. R.S. 9:2800.55;

b. Producing a product which was unreasonably dangerous in its design, in violation of La. R.S. 9:2800.56;

c. Producing a product which was unreasonably dangerous because an adequate warning was not provided, in violation of La. R.S. 9:2800.57; and/or

d. Producing a product which was unreasonably dangerous because it did not conform to an express warranty, in violation of La. R.S. 9:2800.58.

23.

The Incident was caused, in whole or part, by Bella's violations of the Louisiana Products Liability Act, in the following respects:

a. Producing a product which was unreasonably dangerous in its construction or composition, in violation of La. R.S. 9:2800.55;

b. Producing a product which was unreasonably dangerous in its design, in violation of La. R.S. 9:2800.56;

c. Producing a product which was unreasonably dangerous because an adequate warning was not provided, in violation of La. R.S. 9:2800.57; and/or

    d. Producing a product which was unreasonably dangerous because it did not conform to an express warranty, in violation of La. R.S. 9:2800.58.

24.

Family Dollar NC, Family Dollar, and/or Dollar Tree were negligent in distributing, marketing, and/or selling the Pressure Cooker which they knew, or in the exercise of reasonable care should have known, was unreasonably dangerous.

25.

Family Dollar NC, Family Dollar, and/or Dollar Tree made misrepresentations and/or omissions of material fact, including but not limited to that the Pressure Cooker was fit for its intended use and that the Pressure Cooker was of merchantable quality.

26.

But-for the misrepresentations that the Pressure Cooker was fit for its intended use and of merchantable quality, Bray would not have purchased it or used it.

WHEREFORE, Jamie Bray prays that after due proceedings be had, that this Petition be deemed good and sufficient, and that Judgment be rendered in favor of Jamie Bray and against Sensio Company (US) Inc., Family Dollar Stores of North Carolina, Inc., Family Dollar Stores, Inc., Dollar Tree Stores, Inc., Zhongshan Meiman Life Electrical Co., Ltd., Sensio Inc., Bella Housewares, Inc., and Bella Inc., jointly and *in solido,* for all damages arising out of the Incident. Bray further prays for judicial interest from the date of demand, all costs of this proceeding, and all other just and equitable relief that this Court deems proper.

                                                       Respectfully submitted:

                                                       SMILEY LAW FIRM, LLC

                                                       SETH J. SMILEY (#32693)
                                                       BRADLEY ALDRICH (#32316)
                                                       SARA E. HUFFMAN (#37734)
                                                       805 Arabella Street
                                                       New Orleans, LA 70115
                                                       Office: 504-894-9653
                                                       Fax: 504-605-2054
                                                       bradley@smileyfirm.com
                                                       shuffman@smileyfirm.com
                                                       seth@smileyfirm.com

                                                       ***Counsel for Jamie Bray***

**SHERIFF PLEASE SERVE:**

**Dollar Tree Stores, Inc.,**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**PLEASE ISSUE LONG-ARM CITATIONS TO:**

**Sensio Company (US) Inc.,**
Through its registered agent for service of process:
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

**Family Dollar Stores of North Carolina, Inc.,**
Through its registered agent for service of process:
Corporation Service Company
100 Shockoe Slip Fl 2
Richmond, VA 23219 - 4100

**Family Dollar Stores, Inc.,**
Through its registered agent for service of process:
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**Sensio Inc.,**
Through its registered agent for service of process:
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Please withhold service at this time on:

**Zhongshan Meiman Life Electrical Co., Ltd.,**

**Bella Housewares, Inc.,**

**Bella Inc.**

7